**KENTUCKY BAR ASSOCIATION,
Movant,**

v.

**Brian Scott CONLEY, Respondent.**

**No. 2006–SC–000530–KB.**

Supreme Court of Kentucky.

Oct. 19, 2006.

---

### OPINION AND ORDER

Brian Scott Conley, whose bar roster address is 125 Penmoken Park, Lexington, Kentucky 40503, was charged with a total of six counts of professional misconduct. The violations stem from Conley's representation of two clients on criminal matters. Conley admitted the allegations contained in the charges, and the Kentucky Bar Association and Conley reached an agreement regarding his discipline, which the Board of Governors (the Board) approves and recommends that this Court impose.

Conley's KBA Member Number is 85660, and his date of admission to the KBA is May 1, 1995.

The KBA opened two files on Conley, KBA File No. 10743 and File No. 11142. As agreed by the parties, the underlying facts and charges are as follows:

### I. Facts and Charges

#### a. KBA File No. 10743

Conley failed to appear for two scheduled court hearings on behalf of a client in Scott District Court. The court issued a summons directing Conley to appear on June 24, 2003, to show cause why he should not be held in contempt of court for his failure to appear on the scheduled court dates. Conley did not appear for the show cause hearing because he was involved in an automobile accident. Conley maintains that he called the Scott Circuit Court Clerk to inform the judge that he would not be there, but the judge states that the message she received from the clerk was that Conley would be late for court.

The judge held Conley in contempt of court and sentenced him to two days in jail and imposed a fine of $500.00. The judge probated the jail sentence on the condition that Conley contact the Kentucky Lawyer's Assistance Program (KYLAP) coordinator within seven days. And the judge relieved Conley from paying the fine on the condition that he participate in KYLAP for a period of 90 days. Conley agreed to contact the KYLAP coordinator and participate in KYLAP. However, as of the date of submission to the Board, the KYLAP director reported that Conley had

not made a serious effort to seek assistance for his problems.

Due to his conduct, the Inquiry Commission charged him with violating SCR 3.130–1.3 by failing to appear on behalf of his client at scheduled court meetings and SCR 3.130–3.4(c) by knowingly and intentionally failing to appear in the Scott District Court on three separate occasions.

### b.   KBA File No. 11142

Conley represented Cecil Johnson in Fayette Circuit Court in the case of *Commonwealth v. Cecil Johnson,* Case No. 02–CR–00063. In this case, Conley failed to appear on the scheduled trial date of October 13, 2003. Johnson appeared in court on that date and informed the judge that he had spoken to Conley about the case four days earlier, and he had no indication that Conley was not going to appear for the trial. The judge scheduled the case for a status conference on October 17, 2003, for which Conley also failed to appear. The judge appointed Legal Aid to represent Johnson because he stated that he had expended all of his money to retain Conley.

The presiding Fayette Circuit Court judge filed a bar complaint.

Due to his conduct, the Inquiry Commission charged him with violating: SCR 3.130–1.3 by failing to appear on behalf of his client at scheduled court meetings; SCR 3.130–1.16(d) by abruptly terminating his representation when he did not appear for the trial and status conference and without prior notification to his client; SCR 3.130–1.5(a) by accepting a fee then failing to appear for scheduled court dates; and SCR 3.130–8.1(b) by failing to file a response to the bar complaint.

Although Conley has admitted to the four charges related to his representation of Johnson, he states that he returned the fee he charged Johnson shortly after he missed the court appearance.

## II.   The Decision and Recommendation of the Board on Discipline

In KBA File No. 10743, the Board found Conley guilty by a vote of 14–0 of violating SCR 3.130–1.3 and SCR 3.130–3.4(c). In KBA File No. 11142, the Board found Conley guilty by a vote of 14–0 of violating SCR 3.130–1.3, SCR 3.130–1.16(d), SCR 3.130–1.5(a), and SCR 3.130–8.1(b).

The Board concluded that the appropriate discipline would be as the parties agreed: a 60–day suspension, probated for a period of two years subject to a number of conditions.

## III.   Discipline

Conley's prior discipline consists of suspension for continuing legal education noncompliance effective January 12, 2005. The discipline we impose by this Order will run concurrently with this suspension.

Based on the facts and recommendation of the Board, we adopt the Board's decision regarding the appropriate discipline for Conley's violations of SCR 3.130–1.3 (two counts), SCR 3.130–3.4(c), SCR 3.130–1.16(d), SCR 3.130–1.5(a), and SCR 3.130–8.1(b) and order Conley suspended for 60 days, probated for two years subject to the conditions specified below.

Thus, it is ORDERED that:

1. Brian Scott Conley be suspended from the practice of law for 60 days, probated for two years subject to the following conditions:

(a) He shall adhere to the provisions of a KYLAP supervision agreement to address issues of drug use, which agreement Conley signed on May 19, 2006, the day of the Board meeting;

(b) He shall not commit any crimes, including misdemeanors and felonies;

(c) He shall sign authorizations allowing the KBA to review his records held by KYLAP, mental health professionals, social workers, and any and all medical records and mental health records;

(d) The Director of KYLAP will file quarterly reports with the Disciplinary Clerk of the KBA for distribution to the Office of Bar Counsel. These reports shall state whether he is complying with the terms and conditions of this Order;

(e) If at any time the KYLAP Director becomes aware of Conley's violations of any of the terms of the supervision agreement or this Order, he shall immediately file a notice of such violations with the Disciplinary Clerk of the KBA for distribution to the Office of Bar Counsel and Conley;

(f) He shall pay all costs for the testing required by the supervision agreement;

(g) He shall timely pay his KBA membership dues; and

(h) He shall timely satisfy all continuing legal education requirements; and

2. Conley shall pay the costs of $363.34 for which execution may issue from this Court upon finality of the Opinion and Order.

All concur.

Entered: October 19, 2006.

/s/ Joseph E. Lambert
Chief Justice