TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0423-KB

IN RE: DANIEL LOUIS THOMPSON

IN SUPREME COURT

## OPINION AND ORDER

Pursuant to Kentucky Supreme Court Rule (SCR) 3.480(2), Daniel Louis Thompson[1] moves this Court to enter a negotiated sanction to resolve two pending disciplinary proceedings against him. Thompson proposes a sanction of suspension from the practice of law for 180 days, to be probated for two years with conditions. The Office of Bar Counsel (OBC) has no objection. After review, we conclude that the proposed sanction is adequate.

## BACKGROUND

The first disciplinary matter at issue, 24-DIS-0136, relates to Thompson's representation of a client in a criminal case in Madison Circuit Court. The case was set for trial on April 29, 2024. However, Thompson did not file proposed jury instructions prior to trial as ordered by the trial court, nor did he respond to an email from the court's staff. Thompson also failed to meet with his client between the last pre-trial hearing and the trial date, and

---

[1] Thompson, KBA Member Number 90712, was admitted to practice law in the Commonwealth on May 2, 2005. His bar roster address is 207 East Reynolds Rd., Ste. 230, Lexington, Kentucky 40517.

could not be contacted by a witness before trial.  Thompson also did not appear on the day of trial, though this was due to a medical condition.

On July 10, 2024, the Inquiry Commission filed a six-count Charge against Thompson.  Count I alleges violation of SCR 3.130(1.1), which provides that "[a] lawyer shall provide competent representation to a client."  Thompson acknowledges that he violated this Rule by failing to prepare for the criminal trial, by not speaking with the witness who attempted to contact him prior to trial, and by failing to meet with his client to prepare for trial.

Count II alleges violation of SCR 3.130(1.3), which provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."  Thompson acknowledges that he violated this Rule by failing to file jury instructions as ordered.  Thompson denies he violated this Rule by failing to appear for trial because he was prevented from doing so due to a medical condition.  OBC agrees to dismiss the portion of this Count as it relates to failing to appear for trial.[2]

Count III alleges violation of SCR 3.130(1.4)(a)(2), which requires a lawyer to "reasonably consult with the client about the means by which the client's objectives are to be accomplished."  Thompson admits that he violated this Rule by failing to meet with his client between the last pre-trial hearing and the trial date to discuss the impending trial.

---

[2] In Count II, OBC contends Thompson also violated SCR 3.130(1.3) by failing to return messages from the judge's office.  However, Thompson does not make reference to this factual basis for Count II in his Motion.

Count IV alleges violation of SCR 3.130(1.4)(a)(3), which requires a lawyer to "keep the client reasonably informed about the status of the matter." Thompson acknowledges he violated this Rule by failing to contact his client prior to trial and inform her of the status of the case.

Count V alleges violation of SCR 3.130(1.4)(a)(4), which requires a lawyer to "promptly comply with reasonable requests for information." Thompson admits he violated this Rule by failing to contact his client to provide requested information regarding the trial.

Count VI alleges violation of SCR 3.130(3.4)(c), which provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." Thompson acknowledges he violated this Rule by failing to file jury instructions as ordered. Thompson denies he violated this Rule by failing to appear for trial because he was incapable of doing so due to medical reasons. OBC agrees to dismiss the portion of this Count as it relates to failing to appear for trial.

The second disciplinary matter at issue, 24-DIS-0140, relates to Thompson's violation of a Domestic Violence Order (DVO) by contacting his wife on two occasions after the court prohibited such contact. In the resulting criminal matter, Thompson was sentenced to 90 days (suspended), supervised probation for two years.

On October 11, 2025, the Inquiry Commission filed a two-count Charge against Thompson. Count I charged Thompson with violating SCR

3

3.130(3.4)(c), which provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." Thompson acknowledges he violated this Rule by failing to abide by the DVO to have no contact with his wife and doing so through telephone calls, texts, and email.

Count II charged Thompson with violating SCR 3.130(8.4)(b), which provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Thompson admits he violated this Rule by committing a criminal act by ignoring the court DVO to have no contact with his wife, thereby seriously calling into question Thompson's fitness as a lawyer. Thompson now moves this Court to impose a sanction of suspension from the practice of law for 180 days, probated with conditions for two years, to resolve these two disciplinary matters.

## ANALYSIS

Under our negotiated sanction rule, "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges" if the parties agree. SCR 3.480(2). On receipt of a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* The decision to accept or reject a proposed negotiated sanction ultimately lies within this Court's discretion. *Ousley v. Kentucky Bar Ass'n*, 677 S.W.3d 380, 381 (Ky. 2023).

4

Case law supports the sanction Thompson proposes. In *Kentucky Bar Association v. Colston*, an attorney contacted his former girlfriend in violation of a domestic violence order. 54 S.W.3d 158, 159 (Ky. 2001). The Court found that this violated the ethical rule prohibiting attorneys from engaging in criminal acts reflecting adversely on their honesty, trustworthiness or fitness as a lawyer. *Id.* The Court imposed a six-month suspension, probated for two years with conditions similar to those proposed here. *Id.* at 160. The case is thus factually similar to the present matter, and also involved similar mental health issues as discussed in further detail below. *See id.* at 159.

In *Scott v. Kentucky Bar Association*, an attorney was found guilty of violating SCR 3.130(8.4)(b) by committing an unprovoked physical assault on a fellow attorney. 614 S.W.3d 500, 501 (Ky. 2021). The Court imposed a sanction of suspension from the practice of law for 180 days, probated for two years. *Id.* at 503. In some respects, the conduct at issue in *Scott* was more serious than Thompson's conduct here because it involved physical violence. However, unlike Thompson, Scott had no prior disciplinary history. *See id.* at 502 n.2. In contrast, Thompson has previously received three private admonitions and one suspension of 61 days, of which 31 were probated for two years. Thus, because Scott's conduct was more serious but lacked the background of prior disciplinary matters present here, the sanction in the *Scott* matter is an appropriate guideline to consider in the present matter.

In *Kentucky Bar Association v. Conley*, an attorney was found guilty of violating SCR 3.130(1.3) and (3.4) in two disciplinary matters arising from

5

failing to appear for scheduled court hearings, failing to appear for a show cause hearing as ordered by the court, and failing to appear on a scheduled trial date. 203 S.W.3d 142, 142-43 (Ky. 2006). This Court imposed a sanction of 60 days, probated for two years with conditions. *Id.* at 143. Thompson's conduct here is more severe as it also involved failures to communicate with clients and witnesses, in addition to the violation of a DVO, and thus warrants the more severe sanction of a 180-day suspension, probated for two years with conditions. Thus, we conclude the case law supports the sanction proposed by Thompson.

We also consider aggravating and mitigating factors when determining an appropriate sanction for lawyer discipline. An aggravating factor here is Thompson's history of four prior disciplinary matters over the course of his twenty years practicing law. *See Kentucky Bar Ass'n v. Morgan*, 651 S.W.3d 779, 784 (Ky. 2022) (noting that aggravating factors in attorney disciplinary matters include "prior disciplinary offenses."). Those matters involve 1) a private admonition for failing to submit to hair follicle testing or appear at a hearing in a child custody matter; 2) a 61-day suspension, 31 days of which were probated for two years with conditions, for failure to deposit an unearned fee in a trust account, failure to withdraw from representation when unable to file an appellate brief, failure to return unearned portions of a fee, and failure to represent a client; 3) a private admonition for making an inappropriate sexual comment to a client; and 4) a private admonition for failure to promptly return an unearned fee after representation was terminated.

6

On the other hand, a mitigating factor in the present case is that the conduct at issue here appears to be due, in part, to an untreated mental health condition. Thompson asserts that the shooting death of a long-time friend and client left him heartbroken and led to the development of a sleep disorder and diminishing of his cognitive abilities. Thompson shortly thereafter drove himself to a hospital emergency room and was ultimately placed under a mental health hold that prevented him from attending the criminal trial at issue here. Subsequent psychiatric evaluation revealed that Thompson suffers from bipolar disorder. Thompson has since been consistent in seeing a psychiatrist and taking medication to address this condition. Thus, in weighing these aggravating and mitigating factors, we conclude the sanction proposed by Thompson is appropriate.

### **CONCLUSION**

After consideration of the disciplinary record, we find that the proposed sanction of a suspension from the practice of law for 180 days, probated for two years with conditions, is appropriate.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Daniel Louis Thompson, KBA Member Number 90712, is adjudged guilty of violating SCR 3.130(1.1), (1.3), (1.4)(a)(2), (1.4)(a)(3), (1.4)(a)(4), (3.4)(c), and (8.4)(b);

2. Thompson is hereby suspended from the practice of law for 180 days, probated for two years subject to the conditions of probation enumerated herein;

7

3. Thompson shall commit no new crimes including felonies or misdemeanors, or be found guilty of alcohol intoxication in a public place;

4. Thompson shall receive no further disciplinary charges during the probationary period;

5. Thompson shall complete an assessment with the Kentucky Lawyer's Assistance Program (KYLAP) and follow all recommendations;

6. Thompson shall sign authorizations allowing OBC to review his records held by KYLAP, mental health professionals, social workers, and any and all medical records and mental health records;

7. During the two-year probationary period, Thompson shall file proof quarterly with OBC showing his continued participation in counseling and/or mental health treatment;

8. Thompson shall timely pay his Kentucky Bar Association membership dues;

9. Thompson shall timely satisfy all continuing legal education requirements;

10. The Director of KYLAP will file quarterly reports with the Disciplinary Clerk of the Kentucky Bar Association for distribution to OBC. These reports shall state whether Thompson is complying with the terms and conditions of his probation and this Order. If at

8

any time the KYLAP Director becomes aware of violations of any terms of this probation, Thompson's Supervision Agreement, or this Order, he or she shall immediately file a notice of such violations with the Disciplinary Clerk of the Kentucky Bar Association for distribution to OBC and Thompson;

11. Thompson shall pay costs associated with the investigation and prosecution of this proceeding in the amount of $186.05 pursuant to SCR 3.450 within ninety (90) days of the date of entry of this Order, for which execution may issue from this Court upon finality of this Opinion and Order;

12. If Thompson violates any of the terms of probation stated in this Order or receives a Charge of professional misconduct within two years, the OBC may file a motion with the Court requesting the issuance of a show cause order directing Thompson to show cause, if any, why the 180-day suspension should not be imposed; and

13. If, at the expiration of the probationary period of two years, Thompson has fully complied with the above terms, his suspension and all conditions of his probation shall be terminated.

ENTERED: December 18, 2025

All sitting. All concur.

CHIEF JUSTICE LAMBERT

9